IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL BERRY<br>2456 Finley Ave.<br>Bensalem, PA 19020 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : | CASE NO.: |
| v. | : <br> : | |
| DURASERV CORP.<br>d/b/a DURASERV<br>2200 Luna Rd., Ste. 160<br>Carrolton, TX 75006 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Daniel Berry (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  This action has been initiated by Plaintiff against DuraServ Corp. (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under the ADA and ADEA. There lies supplemental and/or

ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein under ADA and ADEA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC. Plaintiff also exhausted his administrative remedies with respect to his PHRA claims because he timely filed Charges with the Pennsylvania Human Relations Commission (PHRC) and the charges have remained with the PHRC for over one year.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a corporation headquartered in Texas that provides commercial and industrial overhead door and loading dock equipment maintenance, repair and installation services.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant in or about April of 2022; and in total, he was employed by Defendant for more than two (2) years.

12. Plaintiff was employed by Defendant as a Door Technician, earning $28.50 per hour (plus overtime as he often worked well over 40 hours per week).

13. Plaintiff was hired by and was paid by and through the above-named Defendant; however, at all times relevant herein, Plaintiff physically worked within the facility of Just-Rite Equipment – Philadelphia ("JRE").

14. Upon information and belief, JRE is a division and a fictitious name of Defendant, providing design, installation, and servicing of loading docks and overhead door equipment.

15. The JRE location at which Plaintiff was physically employed was at 798 Haunted Lane, Bensalem, PA 19020

16. Plaintiff is a 61-year-old male with a history of high blood pressure / hypertension.

17. In conjunction with performing his job as a Technician, Plaintiff drove **a Ford pickup truck**.

18. Plaintiff **did not** drive commercial motor vehicles or vehicles (such as tractor trailers or buses) while employed with Defendant.

19. Plaintiff also **did not** have a commercial driver's license ("CDL"), nor was he qualified to operate buses or large trucks.

20. In short, nothing about Plaintiff's job with Defendant involved commercial motor vehicles or Department of Transportation ("DOT") requirements *with respect to commercial driving*.

21. For unspecified reasons, Plaintiff was required to undergo a physical **with a DOT physician** upon hire.

22. Plaintiff just wanted to be hired, so he did not raise any concerns or objections at the time.

23. On or about May 2, 2022, during a DOT physician exam (conducted by Defendant's selected physician), Plaintiff was identified as having a history of heart problems, a past heart attack, a past stent insertion, and "high blood pressure."

24. Plaintiff's aforesaid medical conditions were discussed and documented during the DOT physician exam.

25. Plaintiff also had surgery related to his heart in or about February of 2022 (pre-hire).

26. Based upon his history of heart problems and high blood pressure, Plaintiff was only given a "Certificate" *for one (1)* year instead of two (2) years (under Federal Motor Carrier Safety Regulations).

27. For example, CDL truck drivers (driving tractor trailers or buses) are required to get DOT physicals and they are typically certified for 2-year timeframes unless they have a health condition or disability that limits them to a one (1) year certification (for ongoing evaluation needs in the future).

28. Plaintiff was apparently flagged for a one (1) year medical certificate due to his health history and perceptions of his heart and/or high blood pressure record.

29. The policy of requiring Plaintiff, a non-CDL driver, to undergo a DOT physical (as if he drove a commercial motor vehicle or were some type of CDL driver or tractor-trailer driver) is, in and of itself unlawful, as Plaintiff was required to give his entire health history, provide a history of medical records, and to sign authorizations for a release of information – none of which was germane to his essential duties on the job.

30. Plaintiff was an hourly laborer and technician who drove a pickup truck to and from a designated site and thus, he never should have had to disclose his medical history, provide medical records, and undergo such a comprehensive exam while signing medical authorizations.

31. In May of 2023, Plaintiff's DOT medical certificate expired; however, *Defendant did not care or even asked him to get another physical* and Plaintiff continued to work for Defendant until early 2024 with no DOT physical or medical certificate (evidencing that such certificate was not a requirement for his labor-intensive job with Defendant).

32. In fact, from early 2023 to early 2024 Plaintiff continued to work with Defendant with no DOT physical or DOT medical certificate.

33. Approximately one year before his termination from Defendant, Plaintiff began being supervised by Daniel McNamee (in his 40s as to age – hereinafter "McNamee").

34. While under the supervision of McNamee, Plaintiff was treated differently based upon his advanced age.

35. McNamee's discriminatory harassment of Plaintiff, based on his age, included but was not limited to treating Plaintiff in a rude and demeaning manner (as compared to his younger counterparts) and referring to Plaintiff as "Old Man Dan" frequently when directing Plaintiff, asking him something, or introducing him to others.

36. Plaintiff felt that McNamee's treatment and name-calling was was discriminatory and offensive, but he continued to do his job to the best of his ability and continued to perform in an exemplary manner.

37. Other employees doing a similar job to Plaintiff were typically in their 40s (and roughly 15-20 years younger than him) and were not treated in a similar fashion.

38. In the spring of 2024, Plaintiff was suddenly told he needed to: (a) undergo another DOT physical; and (b) be issued a DOT medical card (and certificate).

39. Again, Defendant's requirement made no sense, as Plaintiff was not a CDL driver; and as stated above, he drove a pickup truck (a non-commercial motor vehicle) to and from labor-related work.

40. Plaintiff therefore believes and avers that Defendant perpetually violates 29 C.F.R. § 1630.14, prohibiting pre-employment health exams or inquiries *unrelated* to an employee's "job functions."

41. For context, a DOT physical is very invasive and opens the floodgates to Plaintiff's (or any employees') medical history despite that he did not operate as a CDL driver or drive a commercial motor vehicle.

42. Separately, Defendant required Plaintiff in the spring of 2024 to undergo a new comprehensive medical examination. But per the aforesaid regulation, it was not "job related" or "consistent with business necessity."

43. Between March – June of 2024, the following occurred:

    i. Plaintiff was directed to see a DOT physician designated by Defendant. This was invasive, unnecessary, not job related, and unlawful. **Nonetheless, Plaintiff attended to preserve his job.**

    ii. Defendant's DOT physician informed Plaintiff that he could not be medically cleared for a DOT certification until he underwent <u>many</u> other types of testing (including but not limited to testing such as an EKG, nuclear stress test, and other specified testing). **Such testing would have cost Plaintiff thousands of dollars out of pocket that he could not afford.**

    iii. A DOT certification is an exam to ensure a driver of a tractor trailer or bus is physically, mentally, and emotionally fit to operate such commercial motor vehicles. **Plaintiff did none of this.**

    iv. Plaintiff communicated with McNamee and explained his entire health history, his history of heart problems, that he felt the exam was not necessary or required, and that he could not afford independent testing to then have submitted to a designated DOT physician of Defendant. McNamee did not care and told him that he had to be DOT certified, did not offer to pay for independent testing, and exhibited no care about Plaintiff (leading Plaintiff to believe this was more of an excuse to justify his ultimate termination based upon his age or health).

    v. Any licensed medical professional registered with National Registry of Certified Medical Examiners ("NRCME") is permitted to give a DOT physical and DOT physicals are standardized and can be obtained in any state because DOT physicals adhere to uniform national requirements.

    vi. Therefore, even though Plaintiff did not need a DOT physical, but because he was told he had to be DOT certified, he underwent a DOT physical with a different physician who was registered with the NRCME **<u>and was given a DOT certification</u>**. *Plaintiff informed Defendant of the same and believed he would simply be permitted to continue working,*

44. Despite the foregoing, Defendant nonetheless terminated Plaintiff effective in or about June of 2024 <u>for not getting a DOT physical by a physician it selected</u> despite that: (a) he

7

did not need a DOT physical; (b) it was illegal to have him submit to one; (c) **he did in fact get a DOT certificate** from a different certified doctor; and (d) Defendant did not have Plaintiff DOT certified for nearly an entire year of his employment before the spring of 2024.

45. Plaintiff believes and therefore avers that he was terminated on account of his age, disability, record of impairment, health history or perceptions of his health history and that he was also required to undergo unlawful testing / exams in violation of the ADA.

## Count I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Unlawful testing/Examination)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff believes and avers that his [1] actual and/or perceived disabilities; and/or [2] his record of disabilities was a motivating or determinative factor in Defendant's decision to terminate his employment.

48. Plaintiff was required to undergo unlawful testing / exams in violation of the ADA

49. Plaintiff asserts that Defendant's decisions (discussed *supra*) were made in violation of the ADA for discriminatory/and or retaliatory reasons.

## Count II
### Violations of the Pennsylvania Human Relation Act ("PHRA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Unlawful testing/Examination)

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**COUNT III**
**Violations of the ADEA**
**(Age Discrimination – Hostile Work Environment & Wrongful Termination)**

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff believes and avers that he was subjected to a hostile work environment because of his advanced age.

52. Plaintiff believes and avers that his advanced age was a determinative factor in Defendant's decision to terminate his employment.

53. The actions of Defendant VHP as aforesaid constitute violations of ADEA

**Count IV**
**Violations of the Pennsylvania Human Relation Act ("PHRA")**
**(Age Discrimination – Hostile Work Environment & Wrongful Termination)**

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count III of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

         Respectfully submitted,

         **KARPF, KARPF & CERUTTI, P.C.**

By:   _____
     Ari R. Karpf, Esq. (91538)
     8 Interplex Drive, Suite 210
     Feasterville-Trevose, PA 19053
     akarpf@karpf-law.com
     (215) 639-0801

Dated:  December 5, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Daniel Berry | : | CIVIL ACTION |
| v. | : | |
| DuraServ Corp. d/b/a DuraServ | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| 12/5/2025 | _/s/_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

10/2024

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BERRY, DANIEL

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
DURASERV CORP. D/B/A DURASERV

County of Residence of First Listed Defendant: **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)
Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____   DOCKET NUMBER: _____

DATE: 12/5/2025    SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE